UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CERES CONSULTING L.L.C. | CIVIL ACTION NO. |
| VERSUS | SECTION |
| GENESIS VENTURE LOGISTICS, L.L.C., AMERIFACTORS FINANCIAL GROUP, LLC, KZM MARINE SERVICES, LLC, ARROW MARINE, L.L.C., AND CHOCTAW TRANSPORTATION COMPANY, INC. | DIVISION<br><br>IN ADMIRALTY |

## INTERPLEADER COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Ceres Consulting L.L.C. ("Ceres"), and files this Interpleader Complaint naming Genesis Venture Logistics, L.L.C. ("Genesis"), Amerifactors Financial Group, LLC ("Amerifactors"), KZM Marine Services, LLC ("KZM"), Arrow Marine, L.L.C. ("Arrow"), and Choctaw Transportation Company, Inc. ("Choctaw") as Interpleader Claimants, and respectfully avers as follows:

1.      This is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure to resolve competing claims or potential claims to funds owed by Ceres to Genesis and/or Amerifactors and/or KZM and/or Arrow and/or Choctaw. The disputed funds arise out of the charter of certain vessels to transport barges operated by Ceres. Ceres is uncertain to which entity the disputed funds are owed, and competing claims have been made against the same funds.

## PARTIES

2.      Ceres Consulting L.L.C. is a Missouri limited liability company that is authorized to do business in Illinois and with its principal business office in East St. Louis, Illinois within

this federal district. Ceres has two members – Mark Fletcher, a resident of the state of Missouri and Mark Mestemaker, a resident of the state of Illinois.

3. Interpleader Claimant Genesis Venture Logistics, L.L.C. is a Louisiana limited liability company doing business within this federal district.

4. Interpleader Claimant Amerifactors Financial Group, LLC is a Louisiana limited liability company doing business within this federal district.

5. Interpleader Claimant KZM Marine Services, LLC is a Louisiana limited liability company doing business within this federal district.

6. Interpleader Claimant Arrow Marine, L.L.C. is a Louisiana limited liability company doing business within this federal district.

7. Interpleader Claimant Choctaw Transportation Company, Inc. is a Mississippi corporation doing business within this federal district.

## JURISDICTION AND VENUE

8. Jurisdiction is proper over this Federal Rule of Civil Procedure Rule 22 interpleader pursuant to 28 U.S.C. § 1332 because there is complete diversity between the plaintiff and the claimants, and the amount in controversy exceeds $75,000.00. In addition, this is a dispute over payments owed for maritime transportation services and is within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district and/or the disputed funds that are the subject of the action are situated in this district.

10. This Court has personal jurisdiction over Genesis, Amerifactors, KZM, Arrow, and Choctaw, as each regularly transacts business in this federal district and specifically transacted the business that gives rise to this interpleader action.

## FACTUAL BACKGROUND

11. Ceres is in the business of operating barges and providing barge freight management and logistic services, among other services.

12. In or around July 2019, Ceres had discussion with the owner of KZM, Tommy Henry, about providing vessels to transport certain of Ceres barges. As a result of these discussions, the M/V GLADYS FORD, owned and/or operated by Choctaw, was used to transport certain of Ceres barges from New Orleans, Louisiana to Beaumont, Texas and again back to New Orleans, between July 22, 2019 and August 5, 2019.

13. After this trip was complete, Ceres received at its East Saint Louis, Illinois office an invoice from Amerifactors on behalf of Genesis, purportedly for providing the transportation of Ceres barges for this trip. Upon receipt of the invoice, Ceres contacted KZM and was informed that KZM was allowing Genesis to bill Ceres for the charter directly.

14. Upon information and belief, Genesis bareboat chartered the M/V GLADYS FORD from Choctaw, and KZM was operating the vessel pursuant to a master services agreement with Genesis.

15. As requested, Ceres paid the invoices for this initial trip directly to Amerifactors, consisting of $69,857.81 for charter hire and $17,501.58 for the fuel used for the trip, which was Ceres' responsibility to pay, in accord with its agreement with KZM.

16. Upon information and belief, despite Ceres' payment of the invoice to Amerifactors to cover the cost of fuel, the fuel supplier has not been paid.

17. Ceres continued to arrange for the transport of its barges through KZM on subsequent trips including the following:

    (1) from New Orleans to Beaumont to New Orleans between September 9, 2019 and September 21, 2019, using the M/V GLADYS FORD;

    (2) standing by in New Orleans from September 26, 2019 to October 1, 2019, using the M/V MRS. LESLIE;

    (3) from New Orleans to Cairo, Illinois from October 2, 2019 to October 14, 2019, using the M/V GLADYS FORD; and

    (4) from New Orleans to Davenport, Iowa to Greenville, Mississippi from October 10, 2019 to November 5, 2019, using the M/V MRS. LESLIE.

18. Upon information and belief, similar to the arrangement for the M/V GLADYS FORD, Genesis bareboat chartered the M/V MRS. LESLIE from Arrow, and KZM was operating the vessel pursuant to a master services agreement with Genesis.

19. Ceres received invoices at its East Saint Louis, Illinois office for each of these four subsequent trips from Amerifactors, which asserted that it had been assigned the invoices from Genesis.

20. KZM and Arrow have both asserted to Ceres that they have not been paid by Genesis for services related to the subsequent trips performed for Ceres and have claimed the right to be paid from the amounts billed to Ceres.

21. KZM has also represented that the crew of the M/V MRS. LESLIE and/or the M/V GLADYS FORD have not been paid for part or all of the time those vessels were transporting Ceres' barges.

22. Choctaw has not made a formal claim to Ceres, but upon information and belief, may assert a claim to the disputed funds, on a similar basis to those asserted by KZM and Arrow.

23. KZM also has issued invoices to Ceres at its East Saint Louis, Illinois office for the same services for which Genesis and Amerifactors have invoiced Ceres.

24. Ceres continues to receive invoices and demands for payment from Genesis and/or Amerifactors for the outstanding invoices they issued, while also receiving demand from KZM and Arrow for payment of amounts they assert they are owed.

25. Based on the invoices received by Ceres to date, it appears that there are outstanding invoices issued to Ceres totaling $274,070.43, which amount is subject to certain to be determined deductions for fuel and other services that were billed, but not provided to Ceres.

26. Ceres has received competing demands to the total invoiced amount from Genesis, Amerifactors, KZM, and Arrow. Upon information and belief, Choctaw may also assert a claim to a portion of these funds.

## INTERPLEADER REQUIREMENTS

27. Based on the foregoing, Ceres has been and will be subject to multiple claims for payment of the amounts invoiced to Ceres for the transport of its barges. These claims are made by, or could be made by, Genesis, Amerifactors, KZM, Arrow, and Choctaw.

28. The total amount of disputed funds is $274,070.43, less certain deductions to be determined for services invoiced but which are not for Ceres' account ("Disputed Funds").

29. Ceres is unsure which claimant or claimants are entitled to payment and is unable to determine which of the claims are valid and/or in what amounts. Ceres has a reasonable fear of multiple liabilities because of these adverse claims to the Disputed Funds.

30. Ceres has no interest as a claimant in the Disputed Funds and respectfully requests that this Court determine to whom the Disputed Funds should be paid.

31. Ceres wishes to proceed under a Rule 22 Interpleader, which does not require a deposit of the Disputed Funds.

WHEREFORE, Ceres prays that this Court enter judgment:

1. Requiring the claimants to answer this Interpleader Complaint and litigate their claims between and among themselves for the Disputed Funds;

2. Requiring that the claimants settle between themselves or upon their failure to do so, this Court settle the claims and determine to whom the Disputed Funds should be paid;

3. Discharging Ceres from any and all further liability to the claimants relating in any way to the Disputed Funds upon payment of the Disputed Funds;

4. Enjoining the claimants from commencing or prosecuting any proceeding in any state or federal court affecting the issues relating to the Disputed Funds, including but not limited to, the attachment of any property of Ceres arising from or relating to the Disputed Funds;

5. Awarding Ceres its attorneys fees and costs; and

6. Awarding Ceres any other and further relief that this Court deems just and proper.

Respectfully submitted this 10th day of December, 2019.

                MILLER HAHN, PLLC

                By: /s/ Bobby R. Miller, Jr.
                Bobby R. Miller, Jr., Esq. (IL Bar # 06273706)
                2660 West Park Drive, Suite 2
                Paducah, KY 42001
                Tele: (270) 554-0051
                Fax: (866) 578-2230
                Email: bmiller@millerlaw-firm.com

                Attorneys for Ceres Consulting L.L.C.